NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGLAS BRINSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> DENTAL ASSOCIATES OF MORRIS COUNTY & DR. LINDA MAIORANO <br><br> Defendants. | No. 23cv3306 (EP) (SDA) <br><br> **OPINION** |

**PADIN, District Judge.**

Pro se plaintiff Douglas Brinson, Sr. ("Plaintiff") brings this diversity[1] action against defendants Dental Associates of Morris County ("Dental Associates") & Dr. Linda Maiorano[2] ("Dr. Maiorano") (collectively, "Defendants") regarding dental treatment performed by Defendants.

Plaintiff filed the Complaint on June 15, 2023. D.E. 1 ("Complaint" Or "Compl.") seeking damages for what the Court discerns is a dental malpractice claim. Dr. Maiorano moves to dismiss. D.E. 21-2 ("Motion" or "Mot."). Six weeks after the opposition deadline, Plaintiff sent a letter to the Court purporting to oppose the Motion. D.E. 25 ("Opp'n Letter"). The Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R.78(b). The Court will **GRANT** Dr. Maiorano's motion to dismiss and **DISMISS** the Complaint, as to her, ***with prejudice***.

---

[1] The Court is satisfied that diversity jurisdiction exists. Plaintiff is a New York resident, defendant Linda Maiorano is a New Jersey resident, and defendant Dental Associates of Morris County is headquartered in New Jersey. D.E. 1. Additionally, the amount in controversy is over $75,000. *Id.*; *see* 28 U.S.C. § 1332.

[2] Plaintiff's Complaint identifies the individual defendant as "Dr. Moriani" but states that this spelling is "phonetic." D.E. 1 at 1. Dr. Maiorano has since provided the Court with the proper spelling of her name. D.E. 21.

I.  **BACKGROUND**

   A.  **Factual Background**[3]

From June 1, 2022, to February 10, 2023, Plaintiff received "dental implant work" from Defendants at their offices located at 303 Main St., Madison, NJ 07940. Compl. at 3. Dr. Maiorano told Plaintiff that she would perform such work properly and that Defendant would be "happy" with the work. *Id.* However, Dr. Maiorano made "mistakes" at almost every visit and Plaintiff felt "extreme dental pain." *Id.* Defendants refused to see Plaintiff on any day other than Fridays, even when Plaintiff was in pain and could not obtain pain relief. *Id.* Dr. Maiorano performed the dental work at issue, assisted by other unnamed Dental Associates employees. *Id.*

At Plaintiff's final visit on February 10, 2023, Dr. Maiorano "pulled" on Plaintiff's dental implant insert without providing him Novocain or pain medication. *Id.* After Plaintiff "screamed in pain," Dr. Maiorano administered pain medication which was ineffective. *Id.* Dr. Maiorano did not solve Plaintiff's dental problems, requiring dental treatment from a different dentist. *Id.* at 4. Plaintiff's new dentist told him that Dr. Maiorano's dental work as improperly performed. *Id.*

Following Plaintiff's final treatment at Dental Associates, he asked Dr. Maiorano for a refund of at least half of what he paid for his treatments at Dental Associates, but Dr. Mairano refused to refund him. *Id.* Plaintiff is now unable to afford to pay his new dentist. *Id.* Defendants also refused to forward Plaintiff's medical records to his new dentist. *Id.* Plaintiff seeks $1,500,000 in damages from Defendants. *Id.*

---

[3] The facts in this section are taken from the well-pled factual allegations in the Complaint, which the Court presumes to be true for purposes of resolving the motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.     **Procedural Background**

Plaintiff filed the Complaint on June 15, 2023. D.E. 1. On July 21, 2023, process was served at a dental office located at 303 Main St., Madison, NJ 07940. D.E. 4. On August 4, 2023, Dr. Maiorano answered the Complaint. D.E. 5. On September 6, 2023, Plaintiff filed a motion seeking permission to serve the purported "real owner" of Dental Associates—"Albany County Dental Associates" ("Albany Dental") by certified mail. D.E. 13. On September 11, 2023, U.S. Magistrate Judge Edward S. Kiel administratively terminated Plaintiff's motion finding that an amended complaint is required to add a new defendant pursuant to Fed. R. Civ. P. 15 and L. Civ. R. 15.1. *See Docket* (no docket entry number). Dental Associates has not appeared in this case. Plaintiff has not sought a Clerk's Entry of Default against Dental Associates and has not moved for a default judgment.

On October 5, 2023, Plaintiff and Dr. Maiorano filed a joint discovery plan that, *inter alia*, stated "[p]ursuant to N.J.S.A. 2A:53A-27, plaintiff is required to file an Affidavit of Merit by December 2, 2023." D.E. 14 at 4. On November 20, 2023, Plaintiff filed a purported Affidavit of Merit with himself as the affiant. D.E. 16. Counsel for Dr. Maiorano then filed a letter stating that the Affidavit of Merit was insufficient as it was signed by Plaintiff and not a licensed dentist as required by N.J.S.A. 2A:53A-27. D.E. 17. On December 12, 2023, Plaintiff responded that he had "no knowledge that the Affidavit of Merit must be by a dentist." D.E. 19. Plaintiff sought more time to find a dentist to complete the Affidavit of Merit. *Id.*

Dr. Maiorano subsequently moved to dismiss for failure to state a claim based on the lack of an Affidavit of Merit under N.J.S.A. 2A:53A-27. Mot. Judge Kiel deemed the Motion unopposed as Plaintiff failed to respond to the Motion. D.E. 23. Six weeks after the opposition deadline, Plaintiff sent a letter to the Court opposing the Motion, apologizing for not opposing the Motion in time, and asking that the Motion be denied. Opp'n Letter. Plaintiff's letter neither

3

responds to Dr. Maiorano's arguments in the Motion nor provides an Affidavit of Merit, but nevertheless insists that another dentist told him that he "definitely ha[s] a case." *Id.* To date, Plaintiff has not submitted an Affidavit of Merit.

## II.   LEGAL STANDARD[4]

Rule 12(b)(6) permits the dismissal of a case for failure to state a claim. In reviewing a motion to dismiss for failure to state a claim, the reviewing court accepts all well-pled facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Because Plaintiff proceeds pro se, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal

---

[4] Dr. Maiorano moves to dismiss pursuant to N.J.S.A. 2A:53A-27. Mot. at 6. However, the procedural rule that governs motions to dismiss for failure to state a claim in federal court is Federal Rule of Civil Procedure 12(b)(6).

4

conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. ANALYSIS

Dr. Maiorano argues that because Plaintiff has failed to submit a timely Affidavit of Merit, he fails to state a claim for dental malpractice. Plaintiff does not address this argument. The Court agrees with Dr. Maiorano.

N.J.S.A. 2A:53A-27 describes the Affidavit of Merit requirement, in relevant part, as follows:

> In any action for damages for personal injuries . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause. . . .
>
> [T]he person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review . . . .

The statute requires a "threshold showing" of merit, *Vitale v. Carrier Clinic, Inc.*, 409 F. App'x 532, 533 (3d Cir.2010) (citation omitted), "'to dispose of meritless malpractice claims early in the litigation'" and to "'allow meritorious claims to move forward unhindered.'" *Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 274 (3d Cir. 2002) (quoting *Burns v. Belafsky*, 166 N.J. 466 (2001)).

For good cause shown, the statute permits a 60-day extension (in addition to the initial 60 days allowed) to file the Affidavit of Merit. N.J.S.A. 2A:53A-27. Failure to timely submit an Affidavit of Merit generally "requires dismissal of the action with prejudice." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. Withum-Smith Brown, P.C.*, 692 F.3d 283, 305 (3d Cir. 2012); *see also* N.J.S.A. 2A:53A–29 (setting forth the consequence for a plaintiff's failure to provide an affidavit of merit).

There are "four limited exceptions" that can excuse a plaintiff's failure to provide an Affidavit of Merit: (1) "a statutory exception regarding lack of information"; (2) a "common knowledge exception"; (3) an exception due to "substantial compliance with the affidavit-of-merit requirement"; and (4) "extraordinary circumstances that warrant equitable relief." *Nuveen*, 692 F.3d at 305 (cleaned up).

Here, Plaintiff has failed to provide Dr. Maiorano with the required Affidavit of Merit within the time required.[5] Plaintiff filed a purported "Affidavit of Merit" on November 20, 2023, but, because Plaintiff himself was the affiant, the affidavit was plainly not in compliance with N.J.S.A. 2A:53A-27. D.E. 16.

Other than, perhaps, the "extraordinary circumstances" exception, Plaintiff does not argue that any of the exceptions to the Affidavit of Merit requirement are met. The Court finds that none of the exceptions are applicable here. The existence of "extraordinary circumstances" may justify an additional extension of time, provided that the circumstances do not evince "'mere carelessness or lack of proper diligence.'" *Chamberlain v. Giampapa*, 210 F.3d 154, 162 (3d Cir. 2000)

---

[5] Though the statute permits an extension of the 60-day deadline, only an additional 60-day extension is permitted. *See* N.J.S.A. 2A:53A-27. Therefore, even if the Court permitted another 60-day period for Plaintiff to file his Affidavit of Merit, the latest the Court could have extended the deadline to was December 2, 2023—120 days after Dr. Maiorano answered the Complaint. *See id.*; D.E. 5.

(quoting *Hartsfield v. Fantini*, 149 N.J. 611, 618 (1997)).  "[T]he circumstances must be exceptional and compelling[,]" and the plaintiff must provide an "adequate excuse for [his] failure to comply with the statute." *Chamberlain*, 210 F.3d at 162 (cleaned up).  Moreover, the fact that a plaintiff is a pro se litigant does not constitute extraordinary circumstances. *Kant v. Seton Hall Univ.*, No. 00-cv-5204, 2009 WL 2905610, at *2 (D.N.J. Sept. 9, 2009).

Plaintiff does not show the existence of any extraordinary circumstances.  Plaintiff claims that he "cannot afford to get an expert dentist" and that a "Staten Island dentist" reviewed his malpractice claim and told Plaintiff he "definitely ha[s] a case." Opp'n Letter at 1-2.  Nevertheless, Plaintiff has not provided an Affidavit of Merit from that dentist.  The Court empathizes with Plaintiff's alleged dental and financial troubles, but they do not constitute "extraordinary circumstances" that excuse compliance with the Affidavit of Merit requirement.

## IV.   CONCLUSION

For the foregoing reasons, the Court will **GRANT** Dr. Maiorano's motion to dismiss and **DISMISS** the Complaint, as to her, ***with prejudice***.  An appropriate Order accompanies this Opinion.

Dated: July 8, 2024

                                                  s/ Evelyn Padin
                                                  Evelyn Padin, U.S.D.J.