NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGLAS BRINSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> DENTAL ASSOCIATES OF MORRIS COUNTY, <br><br> Defendant. | No. 23cv3306 (EP) (SDA) <br><br> **OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Douglas Brinson, Sr. filed a dental malpractice action against Dental Associates of Morris County and Dr. Maiorano.[1]  D.E. 1.  Plaintiff filed a purported proof of service as to Dental Associates of Morris County and Dr. Maiorano.  D.E. 4.  Dr. Maiorano appeared but Dental Associates of Morris County did not.  Plaintiff then determined that Dental Associates of Morris County was not the correct party and he instead sought to name non-party Albany County Dental Associates.  D.E. 10.  Plaintiff filed a motion seeking permission to serve Albany County Dental Associates by mail.  D.E. 13.  The Court determined that an amended complaint was required to replace a named party.  Sept. 11, 2023 Text Order (no associated docket number).  Plaintiff has not sought leave to amend his Complaint or otherwise advanced his case against either Dental Associates of Morris County or Albany County Dental Associates.

Dr. Maiorano moved to dismiss the Complaint, D.E. 21, and the Court granted her motion and dismissed the action against her for failure to provide the requisite Affidavit of Merit.  D.E.s 31, 32.

---

[1] Improperly pled as "Dr. Moriani."

Following the Court's dismissal of this action against Dr. Maiorano, D.E. 32, on October 3, 2024, the Court ordered Plaintiff to show cause in writing why "(1) the Complaint should not be dismissed as to Defendant Dental Associates of Morris County for failure to prosecute, and (2) why the Court should not deem an amendment to replace Defendant Dental Associates of Morris County with Albany County Dental Associates as futile given the deficiencies identified in the Court's July 9, 2024 Opinion" dismissing the case as to Dr. Maiorano. D.E. 33. Plaintiff has failed to show cause. The Court will **DISMISS** the case against Defendant Dental Associates of Morris County *without prejudice* pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

I.  **LEGAL STANDARD**

Dismissal of an action may be appropriate for "fail[ure] to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (finding that Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

Courts consider the following six factors enumerated in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) when determining whether to dismiss an action under Fed. R. Civ. P. 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense

*Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting *Poulis*, 747 F.2d at 868). "None of the *Poulis* factors is alone dispositive" and "not all of the factors need to be satisfied to

2

justify dismissal of a complaint for lack of prosecution." *Id.* (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)).

## II.   ANALYSIS

The Court finds that the *Poulis* factors weigh in favor of dismissal as to Dental Associates of Morris County under the circumstances presented here.  *First*, Plaintiff's failure to prosecute this action against Dental Associates of Morris County is solely his own responsibility.  Plaintiff informed the Court that instead of proceeding against Dental Associates of Morris County, he wished to proceed against Albany County Dental Associates.  D.E. 13.  The Court informed Plaintiff that he must amend his complaint to change the defendants.  Sept. 11, 2023 Text Order (no associated docket number).  However, Plaintiff has not amended his Complaint and has not taken any action to advance his case against either Dental Associates of Morris County or Albany County Dental Associates.

*Second*, the Court cannot discern any particular prejudice under *Poulis* to Defendants at this stage but notes that it would be unfair to all parties to allow a case to languish on the docket.

*Third*, there is a history of dilatoriness that weighs in favor of dismissal.  According to the terms of the Joint Discovery Plan, Plaintiff was required to file an Affidavit of Merit pursuant to N.J. Stat. Ann. 2A:53A-27.  D.E. 14 at 4.  On November 20, 2023, Plaintiff filed a purported Affidavit of Merit with himself as the affiant.  D.E. 16.  Counsel for Dr. Maiorano then filed a letter stating that the purported Affidavit of Merit was insufficient as it was signed by Plaintiff and not a licensed dentist as required by N.J. Stat. Ann. 2A:53A-27.  D.E. 17.  On December 12, 2023, Plaintiff responded that he had "no knowledge that the Affidavit of Merit must be by a dentist." D.E. 19.  Plaintiff sought more time to find a dentist to complete the Affidavit of Merit. *Id.* However, Plaintiff never filed a compliant Affidavit of Merit.

Plaintiff also failed to timely respond to Dr. Maiorano's motion to dismiss, D.E. 21. However, he did submit a belated letter informing the Court that he does not want his case to be dismissed. D.E. 25. Finally, Plaintiff failed to respond to the Court's order to show cause filed on October 3, 2024. D.E. 33. The Court is mindful of Plaintiff's *pro se* status. However, such status does not excuse Plaintiff from complying with his obligations in this case. *See Jimenez v. Rosenbaum-Cunningham, Inc.*, No. 07-1066, 2010 WL 1303449, at *6 (E.D. Pa. Mar. 31, 2010).

*Fourth*, the Court cannot say on this record that Plaintiff's conduct has been in bad faith. However, Plaintiff has been provided ample opportunity to provide the required Affidavit of Merit and amend his Complaint to name Albany County Dental Associates as a defendant instead of Dental Associates of Morris County. Even after dismissing this action against Dr. Maiorano, the Court afforded Plaintiff an opportunity to show cause why this case should not also be dismissed as to Dental Associates of Morris County. D.E. 33. Plaintiff failed to respond. Therefore, it is clear that Defendant has willfully decided not to pursue this case.

*Fifth*, the Court finds that dismissal is the appropriate sanction. As discussed above, Plaintiff has made it clear that he does not wish to pursue his case against Dental Associates of Morris County. As an alternative, the Court previously allowed Defendant to amend his Complaint to replace Dental Associates of Morris County with Albany County Dental Associates which Plaintiff failed to do. Monetary sanctions are not appropriate here where it appears that *pro se* Plaintiff has decided not to pursue this case any further.

*Finally*, Plaintiff's decision not to further prosecute this case is unsurprising given the Court's analysis of his failure to provide an Affidavit of Merit in its Opinion dismissing this case against Dr. Maiorano. D.E. 31. As the Court explained in its July 9, 2024 Opinion, failure to timely submit an Affidavit of Merit generally requires dismissal of the action absent limited

4

exceptions that the Court found inapplicable. *Id.* The Court incorporates its reasoning in the July 9, 2024 Opinion here and finds that Plaintiff's dental malpractice claim against Dental Associates of Morris County would likely suffer the same substantive defect as his claim against Dr. Maiorano—specifically the failure to provide an Affidavit of Merit as required by N.J. Stat. Ann. 2A:53A-27.

### III.    CONCLUSION

Therefore, for the foregoing reasons, the Court will **DISMISS** this action against Dental Associates of Morris County *without prejudice* pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. An appropriate Order accompanies this Opinion.

Dated: November 26, 2024

Evelyn Padin, U.S.D.J.

.